LEMMON, Judge,
concurring and assigning reasons..
In the Tabb case this same insurer protested vigorously in its application for rehearing that it was a health and accident insurer and was authorized by the Commissioner of Insurance to engage in the “life and health and accident insurance business and no other”. Three members of the Supreme Court voted to grant a rehearing.
In Meyer, Life and Health Insurance Law (1972), the author in Chapter 12, entitled Individual Accident and Health Policy, discusses the terminology, coverage, benefits and limitations of health and accident policies. Section 12:1 notes that an insurer typically contracts to pay benefits in the event of insured losses and agrees to provide coverage for losses resulting from sickness or accidental, injury, as defined. Section 12:9 states that the primary benefits provided by health and accident policies are (1) medical expense, (2) disability, and (3) accidental death and dismemberment benefits. Section 12:22 is concerned with the exclusion of mental and nervous disorders, which is the particular issue in the present case.
R.S. 22:6 defines health and accident insurance as “(i)nsurance against bodily injury ... by accident and against disablement resulting from sickness . . In the policy at issue the insurer agrees “to provide hospital services and surgical-medical services” for “disabilities arising out of illness or infirmity”. Some benefits are also payable for “nonoccupational accidental injury”.
With due respect I disagree with the rationale of the Tabb case that the policy did not insure against injury or disablement, but “only provided benefits for hospital and medical care”. This approach places undue emphasis on the limited benefits provided by these policies, when the nature of the policy is more appropriately determined by the type of loss which gives rise to payment of benefits.
Following the Tabb rationale in the present case results in frustration of the legislative purpose of R.S. 22:213.2. Achievement of substantial justice in the present case requires reconsideration of the Tabb decision.